# EXHIBIT

# A

**HCDistrictclerk.com**     WALLACE, HAROLD vs. ALLSTATE TEXAS LLOYDS     12/27/2019
Cause: 201984147     CDI: 7     Court: 295

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88585484 | Defendant's Original Answer | | 12/18/2019 | 4 |
| 88414790 | Citation | | 12/06/2019 | 1 |
| 88221250 | Plaintiff's Original Petition Jury Demand and Request for Disclosure | | 11/22/2019 | 14 |
| ·> 88221251 | Request for Issuance of Service | | 11/22/2019 | 1 |
| 88289459 | Civil Process Pick-Up Form | | 11/22/2019 | 1 |



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 |
www.hcdistrictclerk.com

**COPY OF PLEADING PROVIDED BY PLTD.**

### Civil Process Pick-Up Form

**CAUSE NUMBER:** **2019 84147**

ATY_____   CIV ___✓___   COURT __295__

---

#### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: __Chad Wilson__   PH: __832 415 1432__

*CIVIL PROCESS SERVER: __LDM Process Server__   BOX: __85__

*PH: __713 269 0403__

*PERSON NOTIFIED SVC READY: __Heather__

*NOTIFIED BY: **Nelson Cuero**

DATE: __11-22-2019__

---

Type of Service Document: __CITR__   Tracking Number: __73699114__
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____

Process papers prepared by: *Nelson Cuero*

Date: **Friday, November 22, 2019**   30 days waiting __12 - 22 - 2019__

---

*Process papers released to: __William Davis__
(PRINT NAME)
__713-280-6580__
*(CONTACT NUMBER)   **Lisa Thomas**
(SIGNATURE)
*Process papers released by: _____
(PRINT NAME)

**Lisa Thomas**
(SIGNATURE)
* Date: __11/26/19__, 2019   Time: __1.40__ AM PM

---

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Revised 12-15-2014

11/22/2019 9:04:51 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38720555
By: CUERO, NELSON
Filed: 11/22/2019 9:04:51 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: _____

FILE DATE: November 22, 2019

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Allstate Texas Lloyds _____

Address of Service: CT Corporation System 1999 Bryan Street, Suite 900 _____

City, State & Zip: Dallas, TX, 75201-3136

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias      Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____      (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Server   Phone: _____

- [ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Chad T. Wilson   Bar # or ID   24079587

Mailing Address: 455 E. Medical Center Blvd, Suite 555, Webster, TX, 77

Phone Number: 832-415-1432

 **CT Corporation**

**Service of Process Transmittal**
12/04/2019
CT Log Number 536748859

TO: TEXAS LITIGATION
ALLSTATE INSURANCE COMPANY - DFW CASUALT
8711 N FREEPORT PKWY #23
IRVING, TX 75063-2578

RE: **Process Served in Texas**

FOR: Allstate Texas Lloyd's (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HAROLD WALLACE, PLTF. vs. ALLSTATE TEXAS LLOYD'S, DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Jury Demand and Request for Disclosure |
| **COURT/AGENCY:** | 295th Judicial District Court Harris County, TX<br>Case # 201984147 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2019 at 13:07 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>Chad T Wilson Law Firm PLLC<br>455 East Medical Center Blvd.<br>Suite 555<br>Webster, TX 77598<br>832-415-1432 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/04/2019, Expected Purge Date: 12/09/2019<br><br>Image SOP<br><br>Email Notification, TEXAS LITIGATION texaslitigation@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO. 201984147

| | RECEIPT NO. | 0.00 | CIV |
| | ********* | TR # 73699114 | |

| | |
|---|---|
| PLAINTIFF: WALLACE, HAROLD | In The 295th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE TEXAS LLOYDS | of Harris County, Texas |
| | 295TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS BY SERVING THROUGH ITS REGISTERED AGENT FOR
    SERVICE CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 22nd day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON  7MM//11387077

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____        By _____
           Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                                              Notary Public

N.INT.CITR.P                          *73699114*

11/22/2019 9:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38720555
By: Nelson Cuero
Filed: 11/22/2019 9:04 AM

CAUSE NO. _____

| | | |
|---|---|---|
| HAROLD WALLACE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Harold Wallace, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Harold Wallace, resides in Harris County, Texas.

3. Defendant, Allstate Texas Lloyd's, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Texas Lloyd's through its registered agent for service: **CT Corporation System, 1999 Bryan St, Suite 900, Dallas, TX, 75201-3136**. Plaintiff requests service at this time.

## JURISDICTION

4.   The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiff owns an Allstate Texas Lloyd's insurance policy, number 000216896931 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 16135 Chasemore Drive, Spring, Texas 77379 ("the Property").

8.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

9.   On or about August 9, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Spring, Texas area.

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0538633990 to

2

Plaintiff's claim.

11.   Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12.   Damaged areas of the property include, but are not limited to, the roof, vents, flashings, gutters and downspouts. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: kitchen, library, master bedroom, office and upstairs living room.

13.   Allstate assigned or hired Delshawn Hogan ("Hogan") to adjust the claim.

    a.   Hogan had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Hogan. The valuation of damages that were included in Hogan's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Hogan.

    b.   Furthermore, Hogan was aware of Plaintiffs' deductible before adjusting the damages and conducting his inspection. Hogan had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.   Hogan made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d.   Hogan made further misrepresentations to Plaintiffs' during his inspection. Hogan used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations

3

include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

14.    Allstate, through its agents, namely Hogan, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.    The initial adjustment of the claim occurred on or around May 3, 2019. Hogan found that there was a mere $1,523.62 in damage to the property.

16.    After application of the policy deductible of $4,450.00, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

17.    To date, Plaintiffs has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $46,642.50.

18.    Since due demand was made on August 8, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly. Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

20.    As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21.    Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all

4

conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22.     Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

23.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

24.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

25.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Hogan, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

26.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

5

27.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
        of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the
        Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has
        delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received
        full payment for the claim.

28.     Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services
        of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S
### BREACH OF CONTRACT

29.     All allegations above are incorporated herein.

30.     Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and
        intentional breach of the common-law duty of good faith and fair dealing. It follows, then,
        that the breach of the statutory duties constitutes the foundation of an intentional breach of
        the insurance contract between Allstate and Plaintiff.

31.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of
        the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance
        contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32.     All allegations above are incorporated herein.

33.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are
        actionable by TEX. INS. CODE §541.151.

6

34. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39. All allegations above are incorporated herein.

40. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

7

41.     Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.     Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     All allegations above are incorporated herein.

44.     Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46.     All allegations above are incorporated herein.

47.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

   a.     By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations

8

include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

b.    Allstate represented to Plaintiff that the Policy and Allstate's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

c.    Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

d.    Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

e.    Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

f.    Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

g.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

9

48.     Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.     All allegations above are incorporated herein.

50.     Allstate is liable to Plaintiff for common-law fraud.

51.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.     Allstate made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.     Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

54.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

55. Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59. The damage to Plaintiff's Property is currently estimated at $46,642.50.

60. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the

11

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

63.   Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the

12

Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Texas Lloyd's, be cited and served to appear, and that upon trial hereof, Plaintiff, Harold Wallace, have and recover from Defendant, Allstate Texas

13

Lloyd's, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Harold Wallace, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

14

12/6/2019 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39054005
By: Kenya Kossie
Filed: 12/6/2019 3:31 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.  201984147

RECEIPT NO.                0.00    CIV
          **********

                          TR # 73699114

PLAINTIFF: WALLACE, HAROLD              In The   295th
        vs.                             Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYDS        of Harris County, Texas
                                        295TH DISTRICT COURT
                                        Houston, TX

                     CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS BY SERVING THROUGH ITS REGISTERED AGENT FOR
SERVICE CT CORPORATION SYSTEM
1999  BRYAN STREET SUITE 900    DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                   MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                       Harris County, Texas
455  EAST MEDICAL CENTER BLVD           201 Caroline, Houston, Texas 77002
SUITE 555                               (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                     Generated By: CUERO, NELSON 7MM//11387077
Bar No.: 24079587

            OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11 o'clock A .M. on the 4 day of December , 2019
Executed at (address) 1999 Bryan St. Ste 900 Dallas, TX 75201 in
1/9/19 County at 12:31 o'clock P .M., on the 4 day of December ,
2019 , by delivering to Allstate Texas Lloyds by serving through registered
agent CT Corporation System through Terri Torshurst defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____.

FEE: $ 75

                                        _____ of _____ County, Texas

_____            By _ABC 1609412-3120 _____
      Affiant                                    Deputy

On this day, John Buford JR _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 5 day of December , 2019

HEATHER L BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186    _____
                                            Notary Public

*73699114*

12/18/2019 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39345927
By: Kenya Kossie
Filed: 12/18/2019 10:01 AM

## NO. 2019-84147

| | | |
|---|---|---|
| **HAROLD WALLACE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | |
| **Defendant** | § | **295TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyds, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

### III.

1

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.   For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of his claim, as required by the policy.

### VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution

and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Texas Lloyd's prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be

3

discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*
John M. Causey
State Bar No.
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on 18 of December, 2019, correctly addressed to:

Chad T. Wilson
Amanda J. Fulton
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com
**ATTORNEY FOR PLAINTIFF**

/s/ *John M. Causey*
John M. Causey

4